United States District Court
Southern District of Texas
**ENTERED**
November 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRELL LEE HALL, (TDCJ # 01330580), § § § *Plaintiff*, § § vs. § § UVIEOGHENE O. UGHWANOGHO, § *et al.*, § § *Defendants*. § | CIVIL ACTION NO. H-24-4556 |

## MEMORANDUM OPINION AND ORDER

Darrell Lee Hall, (TDCJ #01330580), is a Texas state inmate currently held at the Wallace Pack Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Proceeding *pro se*, he filed a civil rights complaint under 42 U.S.C. § 1983 against Uvieoghene O. Ughwanogho and TDCJ, alleging that Ughwanogho is interfering with his prescribed medical treatment. (Dkt. 1). He also filed a motion seeking leave to proceed *in forma pauperis*, which is supported by a certified copy of his inmate trust fund account statement. (Dkts. 2, 4). Because Hall is not entitled to proceed *in forma pauperis* in this Court, his action is dismissed as explained below.

**I.   DISCUSSION**

Hall is incarcerated, so his action is governed by the Prison Litigation Reform

Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not bring a civil action *in forma pauperis* if, while he has been incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reflect that, since Hall has been incarcerated, he has filed at least four civil actions and appeals that the courts have dismissed as frivolous or for failing to state a claim upon which relief could be granted. *See, e.g.*, *Hall v. Johnson, et al.*, Civil No. 2:96-cv-280 (N.D. Tex. Apr. 26, 1999); *Hall v. Sanchez, et al.*, Civil No. 4:13-cv-1993 (S.D. Tex. Aug. 2, 2013); *Hall v. Sanchez, et al.*, Appeal No. 13-20450 (5th Cir. July 11, 2014); *Hall v. Lumpkins, et al.*, Civil No. 3:11-cv-515 (S.D. Tex. May 6, 2015). In addition, the Fifth Circuit has twice sanctioned Hall because of his repeated frivolous filings in habeas corpus proceedings. *See In re Darrell Lee Hall*, Appeal No. 14-20677 (5th Cir. Jan. 21, 2015); *In re Darrell Lee Hall*, Appeal No. 16-20117 (5th Cir. July 20, 2016). As a result of these prior filings, Hall may not proceed with this civil action *in forma pauperis* unless his pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v.*

*O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

Hall contends that he satisfies the requirements of the imminent-danger exception to the three-strikes rule. This exception "operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury." *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015). To fall within the exception, the inmate must be in imminent danger of serious physical injury when he files his complaint in the district court. *See Baños*, 144 F.3d at 884-85. The threat of injury must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the inmate must be facing "a genuine emergency" in which "time is pressing." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ("'Imminent' dangers are those dangers which are about to occur at any moment or are impending[, and] [s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). Allegations of past harm are not sufficient to trigger the exception. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *1 (N.D. Tex. Dec. 17, 2013). Neither are allegations

based on speculation about a future potential injury. *See Davis v. Stephens*, 589 F. App'x 295, 296 (5th Cir. 2015) (per curiam). Neither are allegations of the denial of routine medical care for conditions that are not immediately life-threatening. *See, e.g., McCoy v. Murray*, 600 F. App'x 250, 251 (5th Cir. 2015) (per curiam) (a prisoner's complaints of pain from a prior injury and alleged delays in receiving medication did not establish that he was in imminent danger of serious physical injury when he filed his complaint); *Jackson v. United States*, Civ. No. 4:15-cv-696, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016) (a prisoner's general complaints about the ongoing nature of an alleged lack of medical care do not meet imminent danger exception); *Gallagher v. McGinnis*, Civ. No. A00-1468, 2000 WL 739285 (E.D. La. June 5, 2000) (allegations that the prisoner was not receiving the kind and amount of medical care he believed was appropriate were not sufficient to show imminent danger). And neither are complaints that prison medical providers have implemented treatment protocols different from those recommended by outside medical specialists. *See Estes v. Eastridge*, No. 20-10964, 2023 WL 2525054 (5th Cir. Mar. 15, 2023).

In support of his claim of imminent danger, Hall alleges that he suffers from chronic neurological and musculoskeletal impairments. (Dkt. 1, pp. 4-5). Because of these impairments, he was previously provided with medical passes for a cervical contour pillow, a zipper shirt, a back brace, a long-handled sponge, and a "geomat"

mattress. (*Id.*). However, during a move from one TDCJ unit to another in May 2023, his geomat was lost or misplaced. (*Id.* at 5). Hall has repeatedly requested that the geomat be replaced, but Ughwanogho has denied these requests. (*Id.*). In addition, during a clinic visit on July 19, 2023, Ughwanogho confiscated a back brace that Hall alleges was prescribed to help with his lower back pain. (*Id.*). Ughwanogho also "declined to follow" the medical orders from UTMB specialists and discontinued all the passes for his medically prescribed "accessories." (*Id.* at 5-6). Hall alleges that it has been "over one year" since Ughwanogho discontinued his passes for these medical accessories, and he alleges that his conditions are worsening because of her actions. (*Id.* at 7). He alleges that he is in imminent danger of serious physical injury because he is not being properly treated for his chronic conditions, and he is now facing back surgery, cervical spine surgery, and elbow surgery as a result. (*Id.* at 8).

While the Court is not unsympathetic to Hall's allegations of pain, he does not satisfy the imminent-danger exception. Hall filed his complaint in mid-November 2024, seeking redress for the revocation of medical passes and the loss of medical accessories that originally occurred in May and July of 2023. Any danger Hall faced from the revocation of these medical accessories is no longer imminent, and his complaints of an on-going denial of routine medical care for over a year do not demonstrate that he faces a genuine emergency for which time is pressing. In

5/6

addition, Hall's unsupported speculation that his need for surgery is a result of being denied these medical accessories is not sufficient to establish the kind of "*imminent danger of serious physical injury*" necessary to permit a prisoner who has filed multiple frivolous lawsuits in the past to proceed under § 1915(g). Hall's is therefore not entitled to proceed *in forma pauperis* in this action.

## II. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The prisoner civil rights action filed by Darrell Lee Hall, (Dkt. 1), is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED as moot**.

3. Hall may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___Nov 26___, 2024.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE